UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROXANNE SPITLER,

        Plaintiff,

vs.                                    Case No. 2:10-cv-258-FtM-29DNF

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Petition for EAJA Fees (Doc. #22) filed on October 28, 2011. The Commissioner filed a Response (Doc. #23) on November 4, 2011, arguing that its position was substantially justified and therefore the petition should be rejected, or alternatively, that plaintiff's claimed hours should be reduced significantly. Plaintiff filed a Reply (Doc. #26) on December 2, 2011.

**I.**

The Equal Access to Justice Act (EAJA), Title 28 U.S.C. § 2412(d)(1)(A), provides in pertinent part that "a court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." Such fees and

expenses are payable to the litigant, not the attorney. Astrue v. Ratliff, 130 S. Ct. 2521 (2010). To be entitled to EAJA fees and expenses, the following five (5) conditions must be satisfied: (1) Plaintiff must file a timely application for attorney fees; (2) plaintiff must have a net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) plaintiff be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances which would make the award unjust. Commissioner, INS v. Jean, 496 U.S. 154, 158 (1990). In this case, the parties dispute only whether the Commissioner's position was substantially justified. "The standard for substantial justification is one of reasonableness. The government must show that its case had a reasonable basis both in law and fact." Stratton v. Bowen, 827 F.2d 1447, 1449 (11th Cir. 1987)(citations omitted). See also Pierce v. Underwood, 487 U.S. 552, 565 (1988). "Thus, EAJA fees are not available every time a claimant prevails - only when the Commissioner's position lacks 'a reasonable basis in law and fact.'" Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006)(citation omitted).

**II.**

On April 29, 2010, plaintiff filed a Complaint (Doc. #1) seeking review of the Commissioner's Decision denying her claim for

a period of disability, Disability Insurance Benefits, Widow's Insurance Benefits, and Supplemental Security Income. The Complaint generically alleged that the Commissioner's decision was "not supported by substantial evidence and is based upon errors of law." (Doc. #1, p. 3.) Plaintiff's Memorandum of Law (Doc. #12) argued that the Administrative Law Judge's (ALJ) failed to consider and weigh Dr. Harrison's psychological assessment; failed to follow mental impairment evaluation procedures; and improperly considered Dr. Richards' opinion and improperly ignored other relevant evidence which led to the improper conclusion that plaintiff could perform the job of a hotel clerk. (Doc. #12, pp. 12-22.) While plaintiff argued that the ALJ "ignored some medical evidence" (doc. #12, p. 18), she did not specifically include Dr. Melissa Zale's reports as part of this ignored medical evidence.

On June 28, 2011, the Magistrate Judge issued an initial Report and Recommendation (Doc. #15). In addressing the second claim, the Report and Recommendation stated:

> In making her claim for review of Dr. Harrison's psychological report, Claimant argues that, under Sharfarz v. Bowen, the ALJ must expressly state the weight he gave to each medical report and his reason for doing so. 825 F.2d 278, 278-9 (11th Cir. 1987). While Claimant does not raise the issue, the Court has recognized that the same argument applies to the ALJ's failure to review and incorporate the medical reports of Claimant's primary care physician, Dr. Melissa Zale, M.D. and the other reports submitted by her treating doctors at Family Health Centers.

(Doc. #15, p. 22). This was the first specific reference to Dr. Zale. The Commissioner filed Objections (Doc. #16) which argued in part that Dr. Zale's reports were consistent with other evidence and therefore did not warrant remand. (Doc. #16, pp. 7-9.) Plaintiff's Response (Doc. #17) raised, for the first time, the ALJ's failure to consider Dr. Zale's reports as a specific claim of error. (Doc. #17, pp. 8-9.) On August 24, 2011, the magistrate judge "concluded that the report and Recommendation does not clearly articulate the recommendations in this case", and vacated the Report and Recommendation. (Doc. #18.)

On the same day, the Magistrate Judge issued a new Report and Recommendation (Doc. #19) finding that the ALJ erred by failing to discuss Dr. Zale's report, and therefore the ALJ failed to review the medical evidence as a whole. The Magistrate Judge found no other error. The magistrate judge therefore recommended that the decision of the Commissioner be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for failing to consider the treating physicians' report from the Family Health Centers, and that it otherwise be affirmed under sentence four of § 405(g). No objections were filed to the Report and Recommendation, which was accepted and adopted by the district court (Doc. #20). The Decision of the commissioner was reversed and remanded pursuant to sentence four to consider the treating physicians' report. Judgment (Doc. #21) was entered on September 15, 2011.

After a *de novo* review of the substantive issues, the Court finds that the Commissioner has established that his positions, including the positions related to the belatedly raised Dr. Zale reports, were substantially justified under the standards set forth above.

Accordingly, it is now

**ORDERED:**

Plaintiff's Petition for EAJA Fees (Doc. #22) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __27th__ day of December, 2011.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record